(72 Misc. Rep. 461.)

In re CREDITORS' AUDIT & ADJUSTMENT ASS'N.

(Supreme Court, Special Term, New York County. June, 1911.)

1. CORPORATIONS (§ 14*)—VALIDITY—POWERS.

It is not a valid objection to the making of a membership corporation, composed of merchants, to prevent frauds of debtors with whom its members are trading, that the association is attempting to obtain power to practice law.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 14.*]

2. CORPORATIONS (§ 38*)—AMENDMENT OF CERTIFICATE.

Where a formal application is made to the court, on notice to the Attorney General and such other persons as the court may direct, by a membership corporation, for permission to amend its certificate of incorporation, on due cause shown, the certificate may be amended.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. 119, 120, 125–127; Dec. Dig. § 38.*]

Application of the Creditors' Audit & Adjustment Association to amend its certificate of incorporation. Application granted.

Jerome, Rand & Kresel, for petition.

Thomas Carmody, Atty. Gen. (Robert P. Beyer, Deputy Atty. Gen., of counsel), in opposition.

ERLANGER, J. The applicant, on notice to the Attorney General, applies for leave to file an amended certificate of incorporation so as to truly set forth its object and purpose. The Attorney General objects upon the grounds (a) that the association is seeking to obtain power to practice law and (b) that the statute does not contemplate any radical change but only corrections of informalities or defects.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The association was organized under the membership corporations law (Consol. Laws 1909, c. 35), and under no possible construction of its purposes and objects, as set forth in the proposed amendment, can it engage in the practice of law. Its purpose is simply to protect the members, who are merchants of character, in preventing and exposing the commission of frauds and collusive bankruptcy proceedings by dishonest methods of debtors with whom its members are trading or may do business. Its aim does not come within the vice pointed out in Matter of Co-operative Law Co., 198 N. Y. 479, 92 N. E. 15, 32 L. R. A. (N. S.) 55.

[2] Neither am I impressed with the objection that only informal defects may be cured by amendment. Under Stock Corporation Law (Consol. Laws 1909, c. 59) § 18, provision is made for amendments to the charter of stock corporations, so as to include any purpose which might have been included in the original certificate, when authorized by a majority of its directors and three-fifths in value of its stockholders. Membership corporations may amend their charter under section 7 of the general corporation law (Consol. Laws 1909, c. 23). It is true that under that section, if an amended certificate is sought to be filed without notice to the Attorney General, such amendment must be limited to the correction of informalities, defects, or striking out unauthorized matter; but, when formal application is made to the court, upon notice to the Attorney General and to such other persons as the court may direct, then, upon due cause shown and on such terms and conditions as may be deemed just, the certificate may be amended in respect of its objects and purposes. No good reason can be conceived why a stock corporation organized for profit may amend its charter as broadly as authorized by section 18 of the stock corporation law, and yet a membership corporation be denied equal rights.

The cases relied upon by the Attorney General do not apply. In Lord v. Equitable Life Assurance Society, 109 App. Div. 252, 96 N. Y. Supp. 10, the question related to the right to take the voting power from the stockholders of the corporation and vest it in the policy holders, contrary to the special charter under which the company was formed; and in Matter of Riverhead, etc., R. R. Co., 36 App. Div. 514, 55 N. Y. Supp. 938, the amended certificate was filed without application to the court, or notice to the Attorney General, and the amendment had no reference to a change in the purposes or objects of the company, which operated a railroad, but to a change of its route. The applicant brings itself directly within the province of section 7, General Corporation Law, to express "the true object and purpose of the corporation."

To adopt the Attorney General's argument would, in effect, render meaningless that portion of section 7 referred to, respecting amendments on formal application to the court on notice and due cause shown. If only informalities and defects may be corrected, as contended, this may be done under the first paragraph of section 7 without notice; and the second paragraph, requiring notice if directed to the same character of defects, would be abortive and pointless. If a membership corporation may amend its charter only to cure informal defects, then, in a case where there was a material omission in

stating its true object and purpose, there would be no redress but to dissolve the corporation and file a new certificate. This useless circumlocution could not have been the intention of the lawmakers; but, on the contrary, it was expressly enacted that a certificate which "fails to express the true object and purpose of the corporation" may be amended "so as to truly set forth such object and purposes."

Application granted.